IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,
     Petitioner,

vs.                                           Case No.:  3:15cv64/MCR/EMT

UNITED STATES OF AMERICA,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate, has filed a petition for writ of habeas corpus (doc. 1) and paid the filing fee (*see* doc. 2).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of the petition, it is the opinion of the undersigned that this court lacks jurisdiction to entertain it, and transfer to the appropriate court is warranted.

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a).  The Supreme Court has interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian."  Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973).  Thus, a § 2241 petition must be brought in the district where the inmate is incarcerated.  *See* Rumsfeld v. Padilla, 542 U.S. 426, 443–44, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004).  In Rumsfeld, the Supreme Court explained that the general rule for habeas petitions is that jurisdiction lies solely in the district of confinement.  542 U.S. at 443.  Specific to § 2241 petitions, the Court directed that a petitioner seeking to challenge his present physical custody "should name his warden as respondent and file the petition in the district of confinement."  *Id.* at 447.  The Court emphasized that there was not a

single case in which it had deviated from the rule that a habeas petitioner challenging his present physical custody was required to name his immediate custodian as Respondent and file his petition in the district of his confinement. *Id.* at 449–50; *see also, e.g.*, Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012) (unpublished) (vacating district court of conviction's dismissal of § 2241 habeas petition, which was originally filed in district court of confinement but re-characterized as a § 2255 motion and transferred to district court of conviction, and remanding with directions to re-transfer § 2241 petition back to district of confinement to determine whether savings clause of § 2255(e) applied to petitioner's claim).

It is apparent from the face of the petition, which Petitioner submitted for mailing on February 17, 2015, that Petitioner is incarcerated in the United States Penitentiary in Pollock, Louisiana (*see* docs. 1, 2). Thus, this court lacks jurisdiction to review his petition because he is not incarcerated in the Northern District of Florida.[1] *See* Rumsfeld, 542 U.S. at 443–44. Accordingly, the case should be transferred to the appropriate district court, which is the United States District Court for the Western District of Louisiana. *See, e.g.*, Diaz v. United States, — F. App'x. —, 2014 WL 4377576, at *1 (11th Cir. Sept. 5, 2014) (unpublished) (vacating district court's order dismissing § 2241 petition for lack of jurisdiction and remanding with instructions to transfer case to district court having jurisdiction over petitioner's custodian); Garcia, 470 F. App'x at 736.

Accordingly, it is respectfully **RECOMMENDED**:

That the Clerk of this Court be directed to transfer this action to the United States District Court for the Western District of Louisiana for all further proceedings.

---

[1] Although Petitioner was convicted in this district court, review of the docket in his underlying criminal case shows that Petitioner already filed a motion to vacate under 28 U.S.C. § 2255. *See* United States v. Abram, 3:04cr90/LAC/MD, Motion (N.D. Fla. Sept. 4, 2007). The district court denied the § 2255 motion. *See id.*, Order (N.D. Fla. Jan. 12, 2009). There is no indication that the Eleventh Circuit Court of Appeals has granted Petitioner the right to file a successive § 2255 motion; therefore, this court does not have jurisdiction to consider it as a § 2255 motion.

Additionally, there is no indication that Petitioner intended to file the current pleading in his underlying criminal case. After the district court denied Petitioner's § 2255 motion, Petitioner filed several motions and other documents, including a motion for relief from judgment under Fed. R. Civ. P. 60(b), a "Counterclaim Motion" under Fed. R. Civ. P. 13(c), an "Administrative Habeas Corpus," a "Habeas Corpus," and a "Motion for Release of a Vessel or Property." Petitioner included the underlying criminal case number on all of those filings, and the district court denied them all. Petitioner did not include a case number on the instant pleading, nor is there any other indication he intended to file it in his criminal case.

Case No.: 3:15cv64/MCR/EMT

At Pensacola, Florida, this 24<u>th</u> day of February 2015.

>  /s/ *Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**