U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 30 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAMUEL ROY ABRAM (#11398-002)  DOCKET NO. 15-cv-2064; SEC. P

VERSUS  JUDGE DRELL

WARDEN  MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Samuel Roy Abram, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the Northern District of Florida [Doc. #1] The petition was transferred to this Court on July 14, 2015. Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner is serving a sentence that was imposed in the United States District Court for the Northern District of Florida. He claims that he should be immediately released from custody because he is a "private national citizen." [Doc. #1, p.11]

He states that he is seeking "equitable action" from the Court and that he has accepted "Government tendered securities, ie., GSA bonds that were sold to fidelity investments." [Doc. #1, p.1]

Petitioner raised several motions in his criminal case

presenting similar theories in support of his immediate release. For example, On December 30, 2009, after his conviction and sentencing, Petitioner filed in his criminal case (Case No. 3:04-cr-90, N.D.Fla.) a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(5), in which he stated that he sent a promissory note in the amount of $1,700,000,000 to settle the criminal judgment entered by the court on February 28, 2005 (See Doc. #137 in that case). "In docket number 141 of his criminal case, titled a Counterclaim Motion pursuant to Federal Rule of Civil Procedure 13(c), plaintiff appeared to equate or reduce his criminal judgment into some sort of monetary or contractual terms, and recited Miller Bond Standard Forms 273 274 275, as well as 27 C.F.R. § 72.11. The motion sought plaintiff's immediate release." [3:15-cv-107, N.D.Fla., Doc. #4] "In docket number 143, titled Commercial Habeas Corpus, plaintiff stated that his criminal judgment should be deemed satisfied pursuant to GSA bonds 24, 25 and 25A, along with an SF28 Affidavit of Individual Surety, and Optional Forms 90 and 91 that he evidently sent to the government. This document also sought plaintiff's immediate release." [3:15-cv-107, N.D.Fla., Doc. #4] "In docket number 146, titled Release of Lien on Real Property or Administrative Habeas Corpus, plaintiff appeared to equate release of lien on real property as being the equivalent of some sort of satisfaction of his conviction and sentence entitling him to immediate release." [3:15-cv-107,

N.D.Fla., Doc. #4] "In document number 147, titled Habeas Corpus, plaintiff sought relief in accordance with the Code of Federal Regulations pertaining to bonds and insurance and stated that since he is no longer the surety for his criminal case, he should be released. Finally, in document 150, titled Motion for Release of a Vessel or Property, plaintiff sought, in accordance with local admiralty rules, a release of the property identified as Plaintiff Samuel Roy Abram." [3:15-cv-107, N.D.Fla., Doc. #4] All of the motions were denied.

### Law and Analysis

Under 28 U.S.C. §2241(c)(3), a federal district court may issue a writ of habeas corpus for a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a showing, rather than a blanket assertion, of entitlement to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, n.3 (2007). Petitioner has not made any showing of entitlement to relief in this case. His claim is based on his affidavit stating that he is an "American Freeman" and private citizen and should therefore be released. Petitioner has not presented any non-frivolous, factual allegations that his custody is in violation of the constitution or laws of the United States.

To the extent that he wishes to challenge his conviction or sentence, he must first seek permission from the appropriate court

of appeals to file a second or successive §2255 petition. 28 U.S.C. §2244(b)(3)(A).

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus under Section 2241 be **DENIED AND DISMISSED** with prejudice as petitioner cannot show that he is in custody in violation of the Constitution or laws of the United States.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE